IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Thomas A. Coverdale, | : | Case No. 1:19-cv-920 |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | **Order Adopting Report and** |
| David C. Conley, | : | **Recommendation** |
| Defendant. | : | |

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's Report and Recommendation ("Report") (Doc. 34); Plaintiff Thomas Coverdale's Objections to the Report (Doc. 38); and Defendant David Conley's Response to the Objections (Doc. 40). In the Report, the Magistrate recommends that the Court grant Defendant's Motion for Summary Judgment (Doc. 24) and terminate this action. For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the Magistrate's Report is **ADOPTED**.

I. BACKGROUND

A. Facts

Neither party objects to the facts as set forth in the Report—just the alleged weight the Magistrate Judge assigned to them. Accordingly, the Court incorporates the factual recitation contained in the Report.

B. Procedural Posture

This is an action filed under 42 U.S.C. § 1983 wherein Plaintiff, through counsel, alleges that Defendant deliberately failed to provide adequate medical care when Plaintiff was incarcerated in a state penal institution. Defendant filed a Motion for Summary Judgment on

July 21, 2021, to which Plaintiff filed a response, and Defendant filed a reply. (Docs. 24, 31, 33.) The Magistrate Judge, to whom this case is referred pursuant to 28 U.S.C. § 636(b), recommends that the Court grant Defendant's Motion for Summary Judgment and terminate this action. (Doc. 34.) Plaintiff filed Objections to the Report (Doc. 38), to which Defendant filed a memorandum in opposition (Doc. 40). Accordingly, this matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of showing that no genuine issues of material fact are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *see also Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011). The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

A court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[F]acts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added); *see also E.E.O.C. v. Ford Motor*

*Co.*, 782 F.3d 753, 760 (6th Cir. 2015) (*en banc*) (quoting *Scott*). A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see also Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014) ("A dispute is 'genuine' only if based on *evidence* upon which a reasonable jury could return a verdict in favor of the non-moving party.") (emphasis in original) (citation omitted). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The district judge must conduct a *de novo* review of a magistrate judge's recommendation on a dispositive motion. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up).

### III. PLAINTIFF'S OBJECTIONS

Plaintiff argues, generally, that genuine issues of material fact exist as to (1) whether his hernia was reducible on October 30, 2017 and (2) the care he received in the infirmary during the eighteen hours he was there after Defendant decided not to send Plaintiff to the Ohio State University for surgery on his hernia. (Doc. 38 at Page ID 397.) Plaintiff contends that these issues should be tried to a jury, who should resolve the conflicting testimony on these points, and thus conclude whether Defendant was deliberately indifferent to Plaintiff's medical condition.

Plaintiff's Objections argue that the Magistrate made an impermissible credibility determination in concluding that no genuine issue of material fact existed in this case. Plaintiff

contends that, by relying on the medical records in this case, which contradicted Plaintiff's testimony, the Magistrate improperly gave Defendant's narrative more weight than Plaintiff's version of events. Plaintiff argues that the Magistrate was wrong to credit the medical records because the medical records could have been manipulated by Defendant and the medical staff, and thus those records stand on equal ground with Plaintiff's testimony of events. Thus, according to Plaintiff, a question of fact exists as to Plaintiff's medical condition, necessitating a jury trial. Plaintiff also argues that merely characterizing Plaintiff's affidavit as "self-serving" was an impermissible credibility determination further highlighting the Magistrate's error.

## IV. ANALYSIS

In this lawsuit, Plaintiff asserts a deliberate indifference claim, which requires proof of both objective and subjective components. *McCallum v. Mich. Dep't of Corrs.*, No. 17-2042, 2018 WL 4203401, at *3 (6th Cir. May 24, 2018) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The objective component requires proof of the existence of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires proof that "the defendant knew that the prisoner faced 'a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it.'" *McCallum*, 2018 WL 4203401, at *3 (quoting *Farmer*, 511 U.S. at 847) (alteration in original).

As set forth below, the Magistrate's recommendation that Defendant's Motion for Summary Judgment be granted was correct. The Magistrate did not make an improper credibility determination, as the record blatantly contradicts Plaintiff's testimony such that no reasonable juror could credit his version of events. Moreover, even if Plaintiff's version is

4

credited, he still fails to state a claim for deliberate indifference. Finally, the mere characterization of an affidavit as "self-serving" is not a credibility determination nor an error.

### A. The Magistrate's Reliance on the Medical Records was Appropriate.

Plaintiff contends that the Magistrate improperly credited the medical records, which could be manipulated and are synonymous with Defendant's story, rather than acknowledging the dueling accounts regarding the events in question and finding a question of fact precluding summary judgment. Plaintiff contends that the Magistrate improperly applied *Scott v. Harris*, 550 U.S. 372 (2007), and *Davis v. Gallagher*, 951 F.3d 743 (6th Cir. 2020), in concluding that Plaintiff's account was "blatantly contradicted" by the medical records. The Court disagrees.

In *Davis*, the Sixth Circuit discussed how a trial court should approach a summary judgment analysis when "self-serving statements" were presented by one side. 951 F.3d at 750. That court recognized that the evidence on which a prison inmate relied to oppose summary judgment constituted "wholly self-serving statements" which "might not be sufficient to survive summary judgment." *Id.* The court noted that "where self-serving testimony is blatantly and demonstrably false, it understandably may not create a *genuine* issue of material fact, thereby allowing a court to grant summary judgment." *Id.* (emphasis in original). In explaining how "self-serving statements" may figure into a court's analysis of summary judgment, the Sixth Circuit relied upon the Supreme Court's decision in *Scott*.

In *Scott*, the Supreme Court recognized a lower court's obligation to view the facts in a light most favorable to the nonmoving party—but only if there was a "genuine" dispute as to those facts. 550 U.S. at 380. The Court expressly noted that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.*

5

(quoting *Anderson*, 477 U.S. at 247–48) (internal quotation marks omitted). The Court specifically instructed that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

Thus, when presented with competing narratives in a summary judgment motion, a court is not required to conclude a question of fact exists—it must carefully review the record to determine whether a genuine issue of material fact exists. And that is exactly what the Magistrate did in this case. The Magistrate reviewed the record and identified evidence blatantly contradicting Plaintiff's lay opinion that his hernia was reducible on October 30, 2017, and that he was in excruciating pain and denied medical treatment overnight after being admitted to the infirmary. As the Magistrate noted, the medical records instead reflect that Plaintiff was kept in the infirmary, rather than being returned to his cell, and observed and monitored throughout the night. (*See* Doc. 34 at Page ID 365–67.) The records, created by multiple different medical professionals, reflected that Plaintiff did not appear to be in distress nor behaving as Plaintiff averred he was in his Declaration. (*See* Plaintiff Decl., Doc. 31-1 at Page ID 347–48 (stating that Plaintiff "cried and screamed all night"; "laid on the floor of the infirmary"; "cried all through the night from the pain").) Thus, the records reflecting the observations of multiple medical professionals blatantly contradict Plaintiff's version of events such that no reasonable juror could credit his version. Summary judgment was appropriate.

Plaintiff's implicit argument that *Davis* should be limited to video evidence, because it is more trustworthy than medical records, which can be forged, fails. (*See* Doc. 38 at Page ID 398–99 (arguing that "[t]he difference between video recordings and medical records are profound"

6

and pointing out that "several courts have distinguished *Scott* in cases not involving video recordings").) Indeed, the Sixth Circuit has already specifically rejected such a limitation. *See Coble v. City of White House, Tenn.*, 634 F.3d 865, 868–69 (6th Cir. 2011). In that case, the Sixth Circuit instructed that the focus should be on the record and whether one version is **blatantly contradicted** by record evidence. *Id.* at 869. In this case, medical records are evidence in the record, and the Court cannot and should not disregard them just because they could be manipulated or forged.

Indeed, all evidence, including video evidence, is capable of alteration. *See Scott*, 550 U.S. at 378 (noting that "[t]here are no allegations or indications that this videotape was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened"). Here, Plaintiff offers no evidence that the records were forged, other than his speculation that they could have been and Defendant's motivation to "cover his own wrongdoing," (*see* Doc. 31 at Page ID 339)—except that any motive would not have arisen until Plaintiff sued him—long after the records were created. Such speculation does not create a ***genuine*** issue of material fact. Moreover, numerous courts rely on the contents of medical records in summary judgment decisions regarding deliberate indifferent claims. (*See* Doc. 34 at Page ID 375–76 (collecting cases).) The implausibility of Plaintiff's speculation is further underscored by the fact that the medical records for the time in question spanned hours and involved multiple medical professionals.

For these reasons, the Magistrate did not make an improper credibility determination. Plaintiff's narrative was blatantly contradicted by the medical records in this case, and the Magistrate correctly relied on them.

### B. Defendant's Lay Opinion Does Not Create a Question of Fact, but Even if it were Credited, the Magistrate's Conclusion was Correct.

However, even if Plaintiff's version of events were credited, summary judgment in favor of Defendant was still appropriate, as found by the Magistrate. Plaintiff identifies two facts as being paramount to surviving summary judgment: (1) that Plaintiff's hernia was irreducible on October 30, 2017 and (2) that he was in significant pain throughout the night and into October 31, 2017, during which he was left without adequate medical care. Accepting Plaintiff's characterization of these events still fails, as a matter of law, to present a constitutional violation, rendering the Magistrate's recommendation correct that summary judgment be granted to Defendant.

#### i. Plaintiff's Lay Opinion Regarding his Hernia

To begin, Plaintiff is not a medical expert. He has no medical certifications or training in any area, including hernias. While he might have knowledge and familiarity with his body and his hernia, these experiences are not on the same level as a medical professional's evaluation. Indeed, Plaintiff had previously determined that his hernia had become irreducible, and upon being examined, a medical professional found that it was still reducible, although with difficulty. (*See* Doc. 26-1 at 317.) Moreover, there are several medical opinions in this case that also opine, based on the medical records, that Plaintiff's hernia was reducible and did not become irreducible until October 31, 2017. (Eddy Decl., Doc. 24-1 at Page ID 120; Eiferman Report, Doc. 24-6 at Page ID 308–09.) Thus, Plaintiff's mere declaration that the hernia was irreducible on the afternoon of October 30, 2017 does not, without more, make it so.

However, even if Plaintiff's hernia was irreducible on that date, his "opinion" is nothing more than one medical judgment/opinion differing from Defendant's opinion, which cannot, as a matter of law, constitute deliberate indifference. *See McCallum*, 2018 WL 4203401, at *3. In

8

that case, the Sixth Circuit noted that even if an inmate's hernia caused a serious medical condition sufficient to satisfy the objective prong, his claim failed under the subjective prong because "[w]here a prisoner alleges only that his medical care was inadequate, the federal courts generally are reluctant to second-guess medical judgments." *Id.* (citing *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The court further acknowledged that "a disagreement over the wisdom or correctness of a medical judgment is not sufficient for the purpose of a deliberate-indifference claim." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995)).

Indeed, "[c]ourts have determined that a physician's decision to treat a prisoner's hernia, including the decision to perform corrective surgery, is a matter of medical judgment which does not give rise to a federal constitutional violation." *Bradley v. Hallsworth*, No. 1:09-cv-1070, 2011 WL 4404116, at *8 (W.D. Mich. Aug. 19, 2011), *report and recommendation adopted*, No. 1:09-CV-1070, 2011 WL 4404080 (W.D. Mich. Sept. 21, 2011) (citing *Winslow v. Prison Health Servs.*, 406 F. App'x 671 (3d Cir. 2011); *Palazon v. Sec'y for Dep't of Corrs.*, 361 F. App'x 88, 89–90 (11th Cir. 2010)).

Simply put, "[a] prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim under the Eighth Amendment." *Bradley*, 2011 WL 4404116, at *8 (citing *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990)); *see also Woodberry v. Simmons*, 146 F. App'x 976, 977 (10th Cir. 2005) ("a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference"); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long

9

as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

As such, even if Plaintiff's version of events were credited, Plaintiff still failed to present a claim of deliberated indifference based on the alleged failure to immediately transport him for a surgical repair of his hernia.

### ii. Plaintiff's Allegedly Delayed Treatment

Further, Plaintiff argues that his surgery, and thus treatment, was delayed. Yet he concedes that the complications following surgery did not arise from any delay. (Doc. 31 at Page ID 332.) The Sixth Circuit has made clear that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds, Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002)) (quotation marks omitted). Plaintiff has failed to provide any "verifying medical evidence" of any detrimental effect of the delay in surgery. As such, he similarly fails to state a claim for deliberate indifference based on any delay caused by being kept in the infirmary for observation prior to being sent for surgery.

### C. The Term "Self-Serving" is Not an Improper Credibility Determination.

Plaintiff's second objection, that the characterization of Plaintiff's declaration as "self-serving" amounts to an improper credibility determination, is really no different than Plaintiff's initial objection, in that he is again alleging that the Magistrate made an improper credibility determination. The Court disagrees. Rather, the Magistrate's phrasing was merely describing

the affidavit—correctly, as the testimony was serving Plaintiff. But that is not important because, as Judge Sutton noted in a recent opinion:

> It's well to remember that it's the rare statement in *any* pleading that is *not* self-serving. At one level, all statements in litigation are self-serving. There's nothing wrong with that. So long as the allegations are plausible at the pleading stage and supported by evidence at the summary judgment stage, they will be considered.

*Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) (internal citation omitted) (emphasis in original).

Here, as discussed above, Plaintiff's allegations are not supported by evidence, which is why the Magistrate properly discounted them.

## V.    CONCLUSION

For the reasons set forth herein, the Court finds that Plaintiff's Objections (Doc. 38) are not well-taken and are therefore **OVERRULED**, and the Magistrate's Report (Doc. 34) is **ADOPTED**. Accordingly, Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED** and this case shall be **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

*/s/ Susan J. Dlott*
Judge Susan J. Dlott
United States District Court